Day, J.
The original action was brought by Zurmehly on the official bond of Meily, as probate judge of Allen county. The case passed through the Common Pleas and District Courts, and resulted in a judgment against Meily and his sureties for $1,800. To reverse the judgments of the courts below, they now move for leave to file a petition in error in this court.
The case is this: In June, 1872, proceedings were instituted before Meily as probate j udge, by a railroad company, to appropriate for its road land belonging to Zurmehly. The jury assessed his damages at $1,800. The company moved for a new trial; but the motion was overruled by the court, and exceptions were taken by the company. The court thereupon rendered j udgment in favor of Zurmehly for $1,800, and that upon payment of the same into court, within thirty days, the company should hold the land for its use. The company then filed its petition in error, in the Court of Common Pleas, to reverse the judgment of the Probate Court. It also paid said sum of $1,800 into the Probate Court, and took possession of the property condemned, which the company still holds and uses. The Coui’t of Common Pleas affirmed the judgment of the Probate Court. To reverse these judgments, the company filed its petition in error in the District Court, which is still pending in that court. The company notified the probate judge of the filing of each petition in error, and, at the same time, demanded that he should retain the money so paid to him until the final termination of the case. During the pendency of the petition in error in the Common Pleas, Zurmehly demanded said sum of $1,800 of the probate judge, and also made a like demand after the -judgment of the Probate Court was affirmed by the Common Pleas; but the judge on both occasions refused to pay -.the same. This is claimed to be a breach of his official *630 bond, which is conditioned to pay over all moneys that may come into his hands as such probate judge. This alleged breach of the bond is the ground of the action now brought before us for review.
The question then is, whether it was the duty of the probate judge, after final judgment had been rendered by him, and the amount thereof was paid into court as provided by law, to pay the same over to the party entitled thereto on demand, notwithstanding the pendency of proceedings in error, and the request of the company that the same should be retained by him.
The act under which the company proceeded to appropriate the land of Zurmehly to its use, was passed April 23,, 1872. 69 Ohio L. 88. The tenth section of the act provides that the probate judge shall enter the verdict of the jury on the journal; that, unless for good cause shown the court shall grant a new trial, the judge shall render judgment on the verdict for the amount thereof; that the judgment may be enforced by execution; and that, upon payment by the corporation, within thirty days, to the party owning the property, or into court for his use, the judgment shall have the effect that the corporation shall hold the property for the purposes for which it was appropriated.
In accordance with the provisions of this section, the judge rendered judgment in favor of Zurmehly for the amount of the verdict against the company. It was evidently contemplated by the section that the judgment should have the force of a judgment at law. The amount thereof may be collected by execution, or may be paid into court for the “ use ” of the owner of the property.
In the absence of any provision to the contrary, it is clear that, when the money was so paid into court upon the judgment, it was the duty of the probate judge to pay it over to the party entitled thereto, on demand.
Section 11 of the act does require him, “ upon the granting of a motion for a new trial,” to retain the amount that may have been paid into court until the termination of *631 the second trial. But this power is conferred upon the judge only when a new trial is granted. A new trial was not granted in this case; therefore, that section affords him no justification for retaining the money in his hands. This provision of the section was intended to apply only in case the probate judge should grant a new trial, which, in the contemplation of section 10, would regularly be done before judgment is rendered on the verdict; for that section provides that judgment shall be rendered on the verdict,, “ unless for good cause shown the court shall grant a new-trial.”
Section 12, it is true, authorizes the corporation, on the rendition of the final judgment in the Probate Court,, to pay into court the amount of the judgment, and to enter upon and appropriate the property, notwithstanding the pendency of proceedings in error. But the act gives no authority to the probate judge to retain the money so paid into court, after the case is finally disposed of by him. Herein the act of 1872, under which the proceedings were had, differs from that of 1852, which was thereby repealed. Section 11 of that act (S. & C. 315) required the probate judge to retain the amount paid in by the corporation, in case a new trial be granted, or proceedings in error be instituted. The omission of the latter provision, in the substituted act of 1872, taken in connection with the provisions of section 10 thereof, clearly evince a legislative purpose, thát the pendency of proceedings in error, which do not debar the corporation of the enjoyment of the property condemned, should likewise not deprive the owner of both the possession of his land and the enjoyment of the compensation adjudged to him therefor.
A contrary construction would be open to the serious objection, that the owner might be deprived of the use of his property during the pendency of proceedings in error, which may be for many years, without compensation being made or secured to be made; for if the judgment should be affirmed, the corporation could not be compelled, in the absence of any provision of law therefor, to pay interest on *632 a judgment which had been fully paid, nor rent for land that, as a result of such payment, had been irrevocably appropriated to its use.
The statute seems to contemplate that when the corporation takes the land, the owner shall have an equal right to have the amount adjudged to him therefor; and leaves each party to the risk of any recovery, to which one may be entitled against the other, as a result of the proceedings in error.
It follows that the money paid into court by the railroad company, was held by the judge for the use of Zurmehly; that the company had no rightful authority over it; and that it was the duty of the probate judge to pay it over to Zurmehly on demand. The courts below, therefore, did not err in rendering judgment in his favor.

Motion overruled.